Patricia SANTOS, Plaintiff—Appellant,

v.

LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES; et al., Defendants—Appellees.

No. 04–55284.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 27, 2006.

Filed Aug. 31, 2006.

Patricia Santos, Claremont, CA, pro se.

Anita Susan Brenner, Esq., Torres & Brenner, Pasadena, CA, for Defendants—Appellees.

Before: GIBSON,* RYMER, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Patricia Santos appeals the district court's dismissal of her action against the Los Angeles County Department of Children and Family Services (DCFS) and several of its social workers (collectively, DCFS). We affirm.

### I

DCFS first argues that Santos's claims are time barred, but she alleges that she was deceived into believing that her adoption of Albert was proceeding until September 15, 2001. Based on these allegations, her August 2002 complaint is not untimely.

### II

Under *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), we must first consider whether, taking her averments in the light most favorable to Santos, the social workers would have violated her constitutional rights, and then consider whether any such right was clearly established. Given the posture of the case, and construing the allegations in Santos's favor as we must, we cannot say that under no set of circumstances did she have a liberty interest entitled to procedural protection arising out of her biological and custodial relationship with Albert. However, she was not deprived of a liberty interest without due process, as there were numerous avenues available to her under California law for contesting the custody actions about which she complains. For example, she could (and did) invoke Cal. Welf. & Inst.Code § 388 a number of times protesting removal. *See In re Albert G.,* 113 Cal.App.4th 132, 5 Cal.Rptr.3d 914, 915 (2004). Even if a violation occurred, however, the social workers are entitled to qualified immunity because the law was not clearly established that someone with Santos's ties to Albert has a liberty interest arising under the Due Process Clause itself or state law that is entitled to protection. *See Smith v. Org. of Foster Families for Equal. & Reform,* 431 U.S. 816, 842–48, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977); *Campbell v. Burt,* 141 F.3d 927, 930 (9th Cir.1998).[1]

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Santos suggests that the district court granted absolute immunity to the social workers prematurely, however, in light of our conclusion that they are entitled to qualified immu-

## III

 While Santos's complaint identifies no official policy for purposes of *Monell*[2] liability, it does allege that the social workers contacted and directed families in disregard of due process pursuant to an official policy. In this circuit, a bare allegation that the actions of individual employees conformed to official policy suffices to withstand a motion to dismiss. *See, e.g., Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1127 (9th Cir.2002). However, there can be no *Monell* claim without a constitutional violation. As we conclude that Santos was not deprived of liberty without due process, the *Monell* claim was properly dismissed.

## IV

 Given this disposition, we summarily dispose of other issues. To the extent Santos seeks reinstatement of Albert's custody or relief with respect to his care and custody, the court lacks jurisdiction. *See Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); *Ex parte Burrus,* 136 U.S. 586, 593–94, 10 S.Ct. 850, 34 L.Ed. 500 (1890); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). While the parties argue the merits of Santos's state law claims, the district court's dismissal was based on its determination to decline to exercise supplemental jurisdiction. With all federal claims resolved, it did not abuse its discretion in this respect. Santos's brief alludes to an equal protection challenge but makes no argument in support; we therefore deem the issue

abandoned. Finally, Santos lacks standing to assert violation of the Fourth Amendment. *See Wallis v. Spencer,* 202 F.3d 1126, 1137 n. 8 (9th Cir.2000).[3]

**AFFIRMED.**

---

nity this additional determination is immaterial.

**2.** *Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**3.** Santos's motion to supplement the record is denied.

